IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VICKI L. STALNAKER,

          Plaintiff,

v.                              CIVIL ACTION NO. 2:10-cv-00964

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, et al.,

          Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 26] this case to the Circuit Court of Jackson County, West Virginia. For the reasons explained below, the Motion to Remand is hereby **GRANTED**.

**I.    Factual & Procedural History**

The following facts are alleged in the Complaint by the plaintiff, Vicki L. Stalnaker. Ms. Stalnaker resides in Millwood, West Virginia, where she and her late husband purchased a home in 1996. In 2008, Ms. Stalnaker visited a loan broker in Parkersburg, West Virginia, seeking a loan to cover bills and a car purchase. She was advised she would receive an interest rate of approximately 4%, and encouraged to borrow more money than she originally intended. On May 27, 2008, Ms. Stalnaker met with the broker, her sister, and a notary to complete the loan closing. The closing lasted fewer than twenty minutes, and the loan was not adequately explained to Ms. Stalnaker. Additionally, she received documents at the closing stamped "Mailed on May 7, 2008," although she had not received these documents, nor any other disclosures, prior to the closing. After

the closing, Ms. Stalnaker discovered that the actual interest rate on the loan was 6.625%; she was upset, but believed she could not get out of the loan.

Beginning in early 2009, Ms. Stalnaker struggled to make the loan payments. In July 2009, she called her lender, Taylor Bean & Whittiker, to explain this, and was instructed to begin making monthly payments of $501.77 in order to bring her loan current. She accepted this offer, and it was confirmed in writing by the servicer on August 1, 2009. In that same month, Ms. Stalnaker received a letter instructing her to contact defendant Ocwen Loan Servicing ("Ocwen"), which she promptly did. Ocwen informed Ms. Stalnaker it would not accept her payments until she contacted a George Collins, which she attempted to do several times. Mr. Collins returned Ms. Stalnaker's calls in September 2009, stating that he would send her a packet to fill out and was working on a loan modification for her; despite her wish to start making payments, he told her not to do so. Over the next months, Ms. Stalnaker fulfilled repeated requests for documentation, and attempted to contact Ocwen, to no avail. In April 2009, Ms. Stalnaker received a letter from defendant Connie Kesner notifying her that she had borrowed money from defendant Mortgage Electronic Registration System ("MERS"), and scheduling a foreclosure sale of her home. A second lender confirmed the date of the foreclosure sale and informed Ms. Stalnaker that Ocwen held the note on her home. Ms. Stalnaker then contacted the trustee, who referred her to Mr. Collins. Her attempts to reach Mr. Collins were unsuccessful, as were her attempts to reach Ocwen. Finally, she claims, an email to Ocwen elicited a response requesting that Ms. Stalnaker submit another loan modification to pay the increased deficiency, which she did. During this period, Ms. Stalnaker alleges that she could have made payments, and wanted to, but was instructed not to by Ocwen. She was charged late fees for each month, and threatened with the assessment of attorneys' fees and other default fees. As her

foreclosure neared, Ms. Stalnaker retained counsel, and informed the trustee and Ocwen, but she continued to be contacted by Ocwen to attempt to collect the deficiencies on her loan. Ocwen also failed to provide her with requested account information.

On or about May 26, 2010, the plaintiff filed suit in the Circuit Court of Jackson County, West Virginia against defendants Fidelity and Deposit Company of Maryland, Ocwen, MERS, Kesner, and John Doe Holder. In her Complaint, she asserted claims for breach of contract, negligence, several claims under the West Virginia Consumer Credit Protection Act, and various other "claims."[1] She requested actual damages, civil penalties, equitable relief and attorney's fees and costs.

On July 28, 2010, defendants Ocwen and MERS, with the consent of the other defendants, removed the case to federal court on the grounds that this court has federal jurisdiction over the plaintiff's claims because those claims are either completely preempted by federal law or necessitate the resolution of substantial, disputed questions of federal law, specifically, of the Truth in Lending Act ("TILA"). They further assert that this court has jurisdiction over the plaintiff's remaining state-law claims by virtue of supplemental jurisdiction under 28 U.S.C. § 1367.

The plaintiff filed the instant Motion to Remand on December 17, 2010, arguing that removal was defective under 28 U.S.C. § 1446(a), because, she asserts, this court lacks subject matter

---

[1] The court notes that although there are eleven "counts" in this Complaint, the drafting of the Complaint makes it difficult to determine whether each count states a legally cognizable claim, and against which defendant or defendants each purported claim is alleged. This cloud of ambiguities is typical of myriad cases involving the home loan industry. *See Delebreau v. Bayview Loan Servicing, LLC*, 2011 WL 145298, at *1 (S.D. W. Va. 2011). This admonition does not mean that the deficiencies are limited to the plaintiff's pleadings. Quite the opposite – as discussed below, the defendant's unwillingness to either address or concede issues raised in the plaintiff's Motion to Remand, its apparent inconsistencies, and its citation to case law which neither the plaintiff nor the court could even locate, did little to further its arguments.

jurisdiction over this case. She contends that her claims are not completely preempted because defendant Ocwen was not a federally regulated entity during her interactions with them, and that her claims do not require resolution of any substantial question of federal law. Ocwen responded on December 30, 2010, but failed to respond to the plaintiff's argument that the claims against Ocwen are not preempted. Instead, Ocwen merely reasserted its second argument for jurisdiction, that the plaintiff's claim "depends on the existence, scope, and breach of defendants' duties, if any, under TILA[,]" and, therefore, her claims involve the resolution of substantial questions of federal law.

## II. Standard

28 U.S.C. § 1441 provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). After a defendant has removed a case to federal court, he bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id*. At any time prior to final judgement, if it appears that the case was improperly removed because the case was not within the original jurisdiction of the federal district court, then the federal district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447. If federal jurisdiction is doubtful, remand is necessary. *Mulcahey*, 29 F.3d at 151.

## III. Discussion

*a. Preemption*

In its Notice of Removal, defendant Ocwen notes that Ocwen Federal Bank, FSB, voluntarily dissolved on June 30, 2005, but argues that complete preemption should apply to Ocwen's actions after that date because "as a successor in interest to a federal savings bank, [Ocwen] is subject to the Home Owner's Loan Act of 1933, 12 U.S.C.A. §§1461 et seq. ("HOLA"), and its accompanying regulation, 12 C.F.R. § 560.2." (Not. Removal, at 3.) In support, Ocwen cites to several cases where a plaintiff's state law claims were held to be preempted by HOLA. (Id.)

Indeed, in its role as principal regulator of *federal* savings associations, the Office of Thrift Services ("OTS") promulgated an express field preemption regulation codified at 12 C.F.R. § 560.2. The regulation states that "OTS hereby occupies the entire field of lending regulation *for federal savings associations*." 12 C.F.R. § 560.2(a) (emphasis added). Thus, the first step in any preemption analysis under HOLA is whether the claims are directed at a federal savings association. *See* 12 C.F.R. § 560.2(a); *In re Brackett*, No. 08-bk-01186, 2010 WL 1254705, at *2 (Bankr. N.D. W. Va., March 25, 2010) ("Before addressing preemption of state law governing Federal Savings Banks, the court must address whether [the defendant] is a Federal Savings Bank.").

Ocwen has cited no authority for, and the case law does not support an assertion that a successor in interest to a federal savings bank is subject to HOLA preemption for activities that took place *after* the federal savings bank dissolved. *Cf. Jones v. Home Loan Investment, F.S.B., et al.*, 718 F. Supp. 2d 728 (S.D. W. Va. 2010) (finding state law claims preempted by HOLA where the defendants are a federal savings bank, and successors in interest to a federal savings bank, and the Complaint alleges that the federal savings bank initiated the loan at issue). Ms. Stalnaker alleges that she initiated the home loan at issue in this case in 2008, years after Ocwen Federal Bank, FSB, dissolved. It is uncontested that defendant Ocwen is not a federal savings bank, but rather a

successor to Ocwen Federal Bank, FSB, which dissolved on June 30, 2005. (*See* Not. Removal, at 3.) Further, Ocwen's Notice of Removal made no mention of whether the other defendants in this case were federal savings banks, subject to OTS regulations, at the time the loan was made, or the other allegedly unlawful acts took place.

Ocwen removed this case to federal court, and therefore bears the burden of establishing federal jurisdiction. *Mulcahey,* 29 F.3d at 151. Accordingly, Ocwen bears the burden of establishing, as a threshhold matter, that it was subject to regulation by OTS, and, therefore, that the plaintiff's state law claims are subject to HOLA preemption. *See* 12 C.F.R. § 560.2(a). Ocwen failed to respond to this issue in its Response to the plaintiff's Motion to Remand, and its Notice of Removal fails to support, and indeed, undercuts the proposition that Ocwen's activities surrounding the plaintiff's loan were subject to OTS regulation. (*See* Not. Removal, at 3.) Because Ocwen has not met its burden of establishing that it was subject to OTS regulation, the court need not delve further into an analysis of whether Ms. Stalnaker's claims would be completely preempted by federal law. I **FIND** that Ms. Stalnaker's claims are not completely preempted by federal law.

      *b.*    *Substantial Question of Federal Law*

Ocwen further asserts, both in its Notice of Removal and in its Response, that the resolution of the plaintiff's claim will require the resolution of a substantial question of federal law involving the Truth in Lending Act ("TILA"). (*See* Not. Removal, at 4-5; Def.'s Resp. Plf.'s Mot. Remand, at 2-3.) Ocwen fails to clarify exactly which of plaintiff's claims implicate the TILA, but cites to two paragraphs under the count styled 'Count I - Unconscionable Inducement,' as evidence that the resolution of the plaintiff's claim necessarily involves the resolution of substantial questions of federal law, because "Plaintiff wants relief from her obligations on the basis that defendants

-6-

breached [duties that arise under TILA]." (Def.'s Resp. Plf.'s Mot. Remand, at 3.) To determine if a substantial question of federal law sufficient to warrant removal is present, I must ask whether the plaintiff's state law claim necessarily raises "a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 341 (2005). As the Fourth Circuit has held,

> [a] plaintiff's right to relief necessarily depends on a question of federal law when it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims. If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law.

*Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (citation and internal quotation marks omitted.).

A closer examination of the plaintiff's Complaint reveals that it does not claim that the defendants violated the TILA, but rather alleges a state law unconscionable inducement claim arising under West Virginia Code § 46A-2-121: "Plaintiff was induced into the contract by Defendants' misrepresentation of the terms of the contract; Defendants' failure [sic] provide required disclosures prior to loan closing; the fact that Defendants conducted the closing in a hurried and misleading manner; and suppression of economic interests [. . . and] [t]he loan provided plaintiff was induced by unconscionable conduct, under all circumstances alleged, and therefore is unenforceable under § 46A-2-121." (Compl., at ¶¶ 47, 49.) The defendant attempts to parse out one portion of this claim, but a plain reading of the claim, specifically the paragraphs referenced in the Notice of Removal, appears to indicate that Ms. Stalnaker alleges she was unconscionably induced into the contract *by* certain of the defendants' actions, *including* the failure to provide

required disclosures prior to loan closing, and that the unconscionable inducement created a statutory cause of action under West Virginia Code § 46A-2-121.

The operative question in determining whether the plaintiff's claim raises a federal issue is not whether the plaintiff *could have* brought a claim under TILA. Rather, the court must ask whether she *did* bring a claim under TILA or whether the state law claim she raises *must* involve a resolution of questions under TILA. *See Pinney*, 402 F.3d at 442. In this case, the answer to both questions is no. First, the plaintiff's Complaint asserts that, as a matter of West Virginia law, she was unconscionably induced into the loan at issue. *See* W. Va. Code § 46A-2-121; *Arnold v. United Cos. Lending Corp.*, 204 W. Va. 229, 234 (1998) (Noting that "'[u]nconscionability' is a general contract law principle, based in equity, which is deeply ingrained in both the statutory and decisional law of West Virginia," and that "[a] determination of unconscionability must focus on the relative positions of the parties, the adequacy of the bargaining position, the meaningful alternatives available to the plaintiff, and 'the existence of unfair terms in the contract.'" (internal citations omitted)); (Compl.¶¶ 45 - 49). Second, Ocwen has made no showing that the determination of unconscionability *must* involve resolution of questions under TILA. *See Pinney*, 402 F.3d at 442. At most, Ocwen has argued that resolution of this claim *could* require resolution of questions under TILA, but not explained what those questions are, or supported this argument with any persuasive authority. Because Ocwen removed this case to federal court, it bears the burden of establishing federal jurisdiction, a burden which it has clearly failed to meet. *Mulcahey,* 29 F.3d at 151. I **FIND** that Ocwen has not shown that resolution of the plaintiff's claim will require the resolution of a substantial question of federal law. Accordingly, I further **FIND** that this court lacks subject-matter jurisdiction over this case.

*c.     Attorney's Fees*

Finally, the plaintiff requests that the court award it reasonable costs and fees pursuant to 28 U.S.C. § 1447(c), because "the removing Defendant should have been aware that it did not have legal or factual basis for the removal." (Mem. Supp. Mot. Remand, at 14.) The defendant responds that it had a "good faith basis for removal based on federal subject matter jurisdiction." Title 28 U.S.C. § 1447(c) provides, in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

As discussed above, Ocwen's own Notice of Removal appears to contain an admission that Ocwen was not a federal savings bank at any point during the acts alleged in the plaintiff's complaint, and thus, that the plaintiff's state law claims were not subject to complete preemption on the basis of the HOLA. (Not. Removal, at ¶ 10.) Ocwen either knew or should have known that there was no objectively reasonable basis for concluding that complete preemption would apply to the plaintiff's Complaint.

As the plaintiff correctly notes, defendant Ocwen, represented by the same counsel, conceded the same point in a case before this court. *See* "Defendant Ocwen Loan Servicing, LLC's Reply Memorandum in Support of Its Motion for Summary Judgment," *Rittenhouse v. Ocwen Loan Servicing, LLC*, No. 6:09-cv-107 (S.D. W. Va., October 28, 2010). In *Rittenhouse*, defendant Ocwen Loan Servicing, LLC, asserted in a motion for summary judgment that HOLA completely

-9-

preempted the plaintiff's state law claims, which occurred between 2003 and 2008. In response, the plaintiffs asserted that claims against Ocwen Loan Servicing, LLC were not subject to preemption under HOLA, because it is not a federal savings bank, noting that Ocwen Federal Bank, FSB, dissolved in June 2005. In reply, Ocwen essentially conceded this point, arguing instead that "[c]laims relating to those areas of law expressly preempted by the Office of Thrift Supervision's regulations are preempted by federal law *to the exent those violations occurred prior to July 1, 2005* [. . . and the] Regulation preempts Plaintiff's claims relating to the time period in which Ocwen was servicing [the plaintiffs'] loan *as a federal savings bank*." (*Id.*, at 3.) Further, the bulk of the Notice of Removal's treatment of this topic conflates complete preemption with conflict preemption, which does not provide a basis for federal jurisdiction.

Finally, the plaintiff's Complaint does not support the defendant's assertion that it required resolution of a substantial question of federal law, and the Notice of Removal and Response fail to cite any relevant case law which would indicate otherwise. Indeed, as the plaintiff correctly notes, of the two cases cited by the defendant, one, a case from the Southern District of Mississippi, was decided well before the controlling Supreme Court cases clarified substantial federal question jurisdiction. *See Gandy v. Peoples Bank & Trust Co.*, 224 B.R. 340 (S.D. Miss. 1998). The only other support the defendant provides for this theory is a citation to a case from the Northern District of Illinois, the format of which is so incomplete, the court cannot identify the intended document. By contrast, as discussed above, there is clear support in this Circuit, and indeed, in this court's jurisdiction, which cuts strongly against the defendant's position.

I **FIND** that defendant Ocwen lacked an objectively reasonable basis for seeking removal. I further **FIND** that no unusual circumstances exist which would dictate that I should not award

attorney's fees under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Franklin Capital Corp.*, 546 U.S. at 141.

## IV. Conclusions

Because this court lacks subject-matter jurisdiction in this case, I **FIND** that it was improperly removed. The plaintiff's Motion to Remand [Docket 26] is hereby **GRANTED**, and I order this matter **REMANDED** to the Circuit Court of Jackson County, West Virginia. The plaintiff's request for payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal is hereby **GRANTED**, and the plaintiff is **DIRECTED** to file, within ten days of entry of this order, an accounting of its fees and costs.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy to the Circuit Clerk of Jackson County, West Virginia.

ENTER: February 8, 2011

Joseph R. Goodwin, Chief Judge