**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

VICKI L. STALNAKER,

                Plaintiff,

v.                                CIVIL ACTION NO.  2:10-cv-00964

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

On February 8, 2011, this court issued a Memorandum Opinion and Order [Docket 34] that directed the plaintiff to submit for review an accounting of attorneys' fees and costs.  The  plaintiff submitted that accounting and accompanying affidavits of counsel [Docket 37].  The defendant, Ocwen Loan Servicing, LLC ("Ocwen"), submitted a Brief in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs [Docket 40], and the plaintiff responded, attaching affidavits of three local attorneys [Docket 41].  For the reasons outlined below, the court **ORDERS** the defendant Ocwen Loan Servicing, LLC to pay plaintiff's counsel reasonable attorneys' fees of $2,250.50.

**I.**       **History**

The plaintiff filed a Motion to Remand on December 17, 2010, arguing that removal was defective under 28 U.S.C. § 1446(a), because, she asserted, this court lacked subject matter jurisdiction over the case.  This court found, in its February 8, 2011 Memorandum Opinion and Order, that Ocwen had not meet its burden of establishing that this court possessed subject matter jurisdiction in this case.  This court noted that "Ocwen either knew or should have known that there

was no objectively reasonable basis for concluding that complete preemption would apply to the plaintiff's Complaint[, the first asserted basis for removal]." (Mem. Op. & Ord., at 9.)  In discussing the second asserted basis for removal—that the resolution of the plaintiff's claim necessitated the resolution of a substantial question of federal law—this court found that "[a]t most, Ocwen has argued that resolution of this claim *could* require resolution of questions under TILA, but not explained what those questions are, or supported this argument with any persuasive authority." (*Id.*, at 8.)  Accordingly, the court lacked subject matter jurisdiction and remanded the matter back to the Circuit Court of Jackson County, West Virginia.  The court further found that the defendants lacked any objectively reasonable basis for seeking removal, and that "no unusual circumstances exist which would dictate that I should not award attorney's fees under § 1447(c)." (*Id.*, at 11 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).)  The court directed the plaintiff to file the accounting of its fees and costs that is at issue today.

## II.  Discussion

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)).  In order to determine the reasonableness of the requested hours and rates, the court must be guided by the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 448 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989).  *See Grissom*, 549 F.3d at 321 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting twelve factor test set forth in *Johnson*)).  These factors are used to

calculate reasonable hourly rates and a reasonable number of hours expended by counsel, resulting in a "lodestar" fee.[1]

The plaintiff has requested compensation for 12.5 hours of attorney and paralegal time. (Plf.'s Mot. Attorneys' Fees and Costs [Docket 37], at 7.)  The defendant has not alleged that the amount of hours expended is unreasonable.  After a review of the *Johnson* factors, the plaintiff's counsel's time entries, and the supporting affidavits, the court **FINDS** that 12.5 hours was a reasonable amount of time for counsel to expend in this matter.

The court must next determine whether the hourly rates requested are reasonable.  In response to Ocwen's objections to the initial fee request, the plaintiff provided three affidavits from local attorneys familiar with the work of counsel and the market rate, and cited several recent fee awards by courts in comparable cases.  (Plf.'s Resp. Def. Ocwen's Br. Opp. Plf.'s Mot. Attorneys' Fees and Costs [Docket 41], at 3-4.)  The court has reviewed the plaintiff's request in light of all of the *Johnson* factors and especially considered those most relevant to this case: the novelty and difficulty of the issues implicated by the defendant's improper removal, the skill required to properly address  those issues, the result achieved by plaintiff's counsel, the experience, reputation, and

---

[1] The Fourth Circuit Court of Appeals has summarized the *Johnson*  factors as follows: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

ability of plaintiff's counsel, and awards in similar cases.  After careful consideration of these factors, the court has determined that the hourly rates of $190 for Jennifer S. Wagner, $175 for Sarah K. Brown, and $100 for paralegal Miranda Johnson are reasonable in this matter.  Accordingly, the lodestar figure in this case is $2,250.50.[2]

"After determining the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones. ... [O]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Robinson*, 560 F.3d at 244 (internal quotations and citations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The product of reasonable hours times a reasonable rate does not end the [attorneys' fees] inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of 'results obtained.'").  All of the hours for which the plaintiff requests compensation relate to the motion to remand this case to the Circuit Court of Jackson County, a motion which was entirely successful.  Thus, no downward adjustment in the lodestar figure is warranted.  The court has sufficiently taken the factor of 'results obtained' into consideration in the determination of the reasonableness of both the hours expended and hourly rates, and likewise finds that there is no basis for an upward adjustment of the lodestar figure.  Accordingly, the court **FINDS** that $2,250.50 is a reasonable award of attorneys' fees in this case.

---

[2]

| | | | |
|---|---|---|---|
| Jennifer S. Wagner | 7.7 hours | $190 | $1,463 |
| Sarah K. Brown | 4.1 hours | $175 | $717.5 |
| Miranda Johnson | 0.7 hours | $100 | $70 |
| Total | 12.5 hours | | $2,250.5 |

**III.     Conclusion**

The court has determined that $2,250.50 constitutes a reasonable fee for the plaintiff's counsel in successfully seeking remand of this action.  For the foregoing reasons, the court **ORDERS** the defendant Ocwen Loan Servicing, LLC to pay plaintiff's counsel reasonable attorneys' fees of $2,250.50.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 25, 2011

Joseph R. Goodwin, Chief Judge